█ In the Matter of BANNER EMPLOYMENT AGENCY, INC., Petitioner, v. BERNARD J. O'CONNELL, as Commissioner of Licenses of the City of New York, Respondent.— Determination of respondent that petitioner licensee is in violation of section 185 of the General Business Law in that it made an excessive charge, unanimously annulled, without costs. Section 185 of the General Business Law provides for the maximum fees payable by employees and employers to employment agencies for placements or employment. Prior to September 1, 1958 the maximum fees were based on the classification of employment into four groups: class " A ", class " B ", theatrical and nursing. Class " A " covered unskilled and untrained workers; class " B " constituted all other workers except theatrical and nursing. Chapter 893 of the Laws of 1958 enlarges the requirements for licensing of employment agencies by local authorities, introduces restrictions on the importation of household workers, provides for the keeping of records by employment agencies, and otherwise more rigidly regulates employment agencies. Chapter 893 also reclassifies the employment categories of section 185. Class " A " formerly consisting of unskilled and untrained manual workers is substantially retained. Class " A1 " is established to embrace " non-professional trained or skilled industrial workers or mechanics ". Class " B " is continued as a residual category for all employment not otherwise classified. Classes " C " and " D " respectively relate to employment previously classified theatrical and nursing. The question presented is whether petitioner made an excessive charge in procuring the employment here involved. Respondent's determination classifies the employment within class " A1 ". Petitioner contends for a " B " classification which provides for a larger fee. The subject employee, then 25, applied to petitioner for employment. He had completed three years at City College School of Engineering towards the degree of electrical engineer. His prior experience was radio mechanic in the United States Army and a repair technician for an oil burner servicing company. Bell Telephone Laboratories, Inc. (Bell), a subsidiary of American Telephone and Telegraph Company, is engaged in research and development. Bell does not manufacture or sell; it researches and develops new products and procedures. Bell applied to petitioner for a person whose education included mathematics, physics, mechanical or electrical engineering as a major, who had completed at least three years of college with an average of B or better, and had knowledge of circuit analysis and computer circuitry. Petitioner referred the employee to Bell where he was interviewed, tested and

employed. He is engaged in the section of Bell concerned with semi-conductor research. The detail consists of four persons, he being the only technical aide. His duties include repairing experimental electrical apparatus which requires a knowledge of circuits; constructing laboratory equipment, preparing rough drawings for the construction of such equipment by another section of Bell; and otherwise assisting the engineers in his section. The statute does not define "non-professional". However, in the context of this proceeding the education and prior experience of the employee establish his purpose and intent to acquire an engineering degree, which unquestionably would in the future qualify him as a "professional". The employee's objective was engineering, a recognized profession. That the employee was "trained" as well as "skilled" is clear. Consequently, the employment here did not fall within the "A1" classification or even within the professional classification of class "B". Under those circumstances the catchall category of class "B" — "other employment" — is the only place in which this employment partaking of perhaps a semi-professional character may fall. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.